# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LORENZO CASTILLO, and
YOLANDA CASTILLO,

     Plaintiffs,

v.                                      2:25-cv-00450-WJ-DLM


NUTRIEN AG SOLUTIONS, INC.,
JOHN SWIFT, AND
JAVIER LUNA,

     Defendants.

## MEMORANDUM AND ORDER DENYING MOTION TO REMAND

THIS MATTER is before the Court upon Plaintiffs' Motion to Remand this action to state court. **Doc. 10**. Defendants removed this case pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction. **Doc. 1**. Plaintiffs timely moved to remand. **Doc. 10**. Having reviewed the relevant pleadings and the applicable law, the Court finds Plaintiffs' Motion to Remand is not well-taken and denies the request to remand to State court.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiffs drove commercial vehicles for Nutrien from 2022 until their termination on December 5, 2024. On October 28, 2024, Plaintiffs refused to operate a vehicle because they feared the vehicles were unsafe. They reported their concerns to Defendants. Defendants subsequently reduced their hours and defendant Swift allegedly assaulted them. On November 2, 2024, Plaintiffs and other employees "opposed the safety concerns, unsafe conditions, and also the retaliation to Defendants." **Doc. 1-1 ¶ 16**. Plaintiffs also reported their concerns to the Department

---

[1] The facts in this section are drawn from the State court complaint, **Doc. 1-1,** unless otherwise indicated.

of Transportation and to Nutrien's human resources department.  On December 2, 2024, a human resources representative investigated Plaintiffs' claims and met with Plaintiffs and other employees "to discuss the safety concerns, unsafe working conditions, and retaliation."  *Id.* ¶ 21.  On December 5, 2024, Plaintiffs were terminated.

On March 31, 2025, Plaintiffs filed a complaint in the Third Judicial District Court, County of Doña Ana, State of New Mexico, titled *Lorenzo Castillo and Yolanda Castillo v. Nutrien AG Solutions Inc., John Swift, and Javier Luna*, Case No. D-307-CV-2025-00850, alleging Defendants terminated them in retaliation for surfacing their safety concerns.  Plaintiffs also alleged assault by Swift and intentional infliction of emotional distress by Luna and Swift.  Defendants timely filed a notice of removal pursuant to 28 U.S.C. § 1446(b).  **Doc. 1**.

Plaintiffs Lorenzo and Yolanda Castillo are New Mexico citizens.  Nutrien AG is a Canadian corporation with its principal place of business in the State of Colorado.  **Doc. 1 at 2–3.** Although there is no dispute that like Plaintiffs, defendants Swift and Luna are New Mexico citizens, Defendants assert Swift and Luna were fraudulently joined, and thus, that complete diversity exists between Plaintiffs and remaining, properly joined defendant Nutrien.

## LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  District courts have original jurisdiction over actions between "citizens of different States" involving a "matter in controversy" exceeding $75,000.  28 U.S.C. § 1332(a)(1). Jurisdiction under section 1332 requires complete diversity; in other words, "no plaintiff and no defendant" may be citizens of the same state.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th

Cir. 2014) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).  In seeking removal, defendants bear the burden of establishing diversity and the amount in controversy by a preponderance of the evidence.  *Id.*; *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000).

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome.  *See Baby C. v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).  "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."  *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)).  "[A]ll doubts are to be resolved against removal."  *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

## DISCUSSION

### I.   Defendants Have Established Diversity by a Preponderance of the Evidence Because the Non-Diverse Defendants Were Fraudulently Joined

Defendants acknowledge that defendants Swift and Luna are citizens of New Mexico, as are Plaintiffs.  Therefore, to establish diversity, Defendants must prove that Swift and Luna were fraudulently joined and should not, in fact, be parties to the case.

Fraudulent joinder occurs when a plaintiff joins a "resident defendant against whom no cause of action is stated."  *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted).  "The case law places a heavy burden on the party asserting fraudulent joinder."  *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished table decision).  This is because allegations of fraudulent joinder "are assertions that the pleadings

are deceptive." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006). As the party asserting diversity despite the presence of non-diverse defendants, the defendant must demonstrate that there is no "reasonable basis to believe the plaintiff might succeed in [any] claim against the non-diverse defendant[s]." *Id.* "A 'reasonable basis' means" that the claim "must have a basis in the alleged facts and the applicable law." *Id.*

In sum, the question is whether there is no reasonable basis to believe Plaintiffs might succeed on their claims in State court against each non-diverse defendant. To answer this question, the Court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 95 (10th Cir. 1964)).

To start with, Plaintiffs contend that Defendants improperly rely on the Fed. R. Civ. P. 12(b)(6) standard in the fraudulent joinder context, which requires a more exacting showing. It is true that to survive a Rule 12(b)(6) motion, a plaintiff must allege a plausible claim for relief, whereas a removing defendant asserting fraudulent joinder bears the heavier burden of showing there is no possibility that a state court would recognize a cause of action. *Montano*, 211 F.3d 1278, 2000 WL 525592, at *2 (the fraudulent joinder standard is "more exacting" than Rule 12(b)(6)). If removal is improper, it is for the State court to determine the sufficiency of the pleadings at a later stage. But the overlap between these two standards in practice is manifest. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (noting, under the Fifth Circuit's analogous fraudulent joinder standard, that one means of "predicting whether a plaintiff has a reasonable basis of recovery under state law" is to "conduct a Rule 12(b)(6)-type analysis"). An absence of specific facts supporting liability against a defendant can establish failure to plausibly state a claim under Fed. R. Civ. P. 12(b)(6) just as it can demonstrate that there is no possibility of

recovery.

Defendants assert that no viable claim has been stated against Swift and Luna and that they are, therefore, not proper defendants.  The Court agrees.

Plaintiffs allege that Swift assaulted them by: "intending to cause and causing [them] to be put in imminent apprehension of harmful or offensive contact" and "bec[o]m[ing] so angry with [them] he was very aggressive and offensive."  **Doc. 1-1 at 7 ¶¶ 38, 39**.  However, there are no factual allegations regarding specific actions taken by Swift.  Rather, Plaintiffs appear to recite the elements of the cause of action for assault under New Mexico law.  *See* N.M. Stat. Ann. § 30-3-1 (2025) (defining assault as "any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery" or "the use of insulting language toward another impugning his honor, delicacy or reputation").  Absent any specific factual allegations, there is no basis under New Mexico law to hold Swift liable for assault. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461–62 (2d Cir. 1998) (concluding that there was no possibility that plaintiff could recover in state court where the complaint "fail[ed] to allege sufficient factual foundations to support" the non-diverse defendant's liability); *Banks v. HIAB USA, Inc.*, No. 15-00263, 2017 WL 1128449, at *3 (M.D. La. Mar. 24, 2017) ("Without the requisite factual support, Plaintiff is unable to overcome accusations of fraudulent joinder[.]"); *Addison v. Allstate Ins. Co.*, 58 F. Supp. 2d 729, 732 (S.D. Miss. 1999) ("mere conclusory allegations which have no basis in fact" cannot support a basis for recovery).

Relying on Swift and Luna's "above-described conduct" — the elements of assault — Plaintiffs allege these defendants engaged in "extreme and outrageous" behavior, acted "intentionally or recklessly" and that plaintiffs consequently "experienced severe emotional distress."  **Doc. 1-1 ¶¶ 15, 20.**  While commission of an assault could, in appropriate

circumstances, support extreme and outrageous conduct, the complaint alleges no facts substantiating an assault. For the same reason, it cannot support a claim for intentional infliction of emotional distress. Simply alleging "extreme and outrageous" or "intentional and reckless" conduct does no more than recite the elements of the cause of action. *See Baldonado v. El Paso Nat. Gas. Co.*, 176 P.3d 277, 294 (N.M. 2007) (reciting the elements of IIED under New Mexico law). Again, conclusory allegations lacking a factual basis are insufficient to defeat a finding of fraudulent joinder.

Plaintiffs also allege retaliatory discharge against Swift and Luna, in addition to Nutrien AG. But in New Mexico, individual employees cannot be held liable for retaliatory discharge if they act in the course and scope of their employment when terminating the employee. *Bourgeous v. Horizon Healthcare Corp.*, 872 P.2d 852, 855 (N.M. 1994). Employers, not their employees, fire employees. Therefore, if Plaintiffs were "employed by [Nutrien AG], only [Nutrien AG] could discharge [Plaintiffs], not [Luna] and [Swift]." *Id.*

Given that this limitation forecloses liability for retaliatory discharge against the individual defendants, Plaintiffs also assert intentional tort claims against Luna and Swift. As described above, however, those claims are not supported by a viable factual basis. Therefore, the complaint provides no basis for recovery in state court against Luna and Swift, either for retaliatory discharge, or intentional tort. Because Luna and Swift were improperly joined, and no party disputes that remaining defendant Nutrien AG is a foreign citizen, complete diversity exists among the properly joined parties.

## II.    The Amount-in-Controversy More Likely Than Not Exceeds $75,000

Having found that Defendants have met their burden of establishing diversity between Plaintiffs and properly joined defendant Nutrien AG, the Court turns to the second jurisdictional

requirement: whether the amount in controversy plausibly exceeds $75,000. It must be clear that the potential value of each plaintiff's claim against Nutrien more likely than not exceeds $75,000.

"Where the allegations of the complaint do not clearly set forth an amount in controversy exceeding $75,000, the removing party has the burden of establishing the jurisdictional amount." *Salazar v. Cont'l Cas. Co.*, No. 00-cv-1534-JP-KBM, 2000 WL 36739552, at *1 (D.N.M. Dec. 20, 2000) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). Where plaintiff does not challenge the defendant's damages calculation, the court accepts the defendant's calculation. *Ammons v. Sentry Ins. Co.*, 431 F.Supp.3d 1280, 1286–87 (D.N.M. 2019). But where, as here, the amount in controversy is contested, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).

To derive an estimate of recoverable damages, defendants may draw on various aspects of the record, including the complaint's allegations, in addition to other summary-judgment-type evidence, such as discovery responses, admissions in state court, "reference to the plaintiff's informal estimates or settlement demands," and "affidavits from defendant's employees or experts." *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)). If the defendant makes this showing by a preponderance of the evidence, this jurisdictional element is established unless it is legally certain that the amount in controversy is not met. *See id.* "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Id.* at 956.

New Mexico's law of retaliatory discharge permits recovery of compensatory damages, including emotional distress, as well as punitive damages, all of which plaintiffs seek in this case.

7

*Rhein v. ADT Auto., Inc.*, 930 P.2d 783, 791 (N.M. 1996).  The record shows that at the time of their termination each plaintiff earned an annual salary of $42,432.  **Doc. 18**-**1**.  Plaintiffs seek back and front pay, benefits, loss of employment opportunities, lost income, and loss of earning capacity.  **Doc. 1-1 at 8 ¶ 48**.  Given Plaintiffs' annual salaries, even a modest period of combined past and future lost wages places tens of thousands of dollars in controversy.  That does not include any value corresponding with benefits or loss of earning capacity and pain and suffering.  In one case cited by Defendants, a court within this District found that the value of plaintiff's emotional distress damages resulting from retaliatory discharge alone totaled $30,500.  *Gutierrez v. Walker*, No. 19-cv-124-JCH-JFR, 2021 WL 5937586, at *7 (D.N.M. Dec. 16, 2021).

Defendants cite cases recounting jury awards in retaliatory discharge cases well in excess of $75,000.  *Silva v. Am. Fed. of St., Cnty. and Mun. Emps.*, 37 P.3d 81, 82 (N.M. 2001) (jury awarded $624,940 in compensatory damages and $1 million in punitive damages on retaliatory discharge claim); *Gandy v. Wal-Mart Stores, Inc.*, 872 P.2d 859, 869 (N.M. 1994) (jury awarded $24,200 in compensatory damages and $80,000 in punitive damages on retaliatory discharge claim); *Littell v. Allstate Ins. Co.*, 177 P.3d 1080, 1083 (N.M. 2007) (jury awarded $360,000 in compensatory damages and $1 million in punitive damages on claims for IIED, prima facie tort, retaliatory discharge and violation of the New Mexico Human Rights Act).  These cases, while not determinative, illustrate that claims of this type are capable of supporting damages above the jurisdictional threshold.

The Court concludes that a preponderance of the evidence shows that each Plaintiff's claim for retaliatory discharge puts more than $75,000 at issue.

## CONCLUSION

Because defendants timely exercised their right to remove this action and have established

this Court's jurisdiction under 28 U.S.C. § 1332 by a preponderance of the evidence, the case should remain in federal court.  Plaintiff's motion to remand is therefore DENIED.

Given this disposition, the Court cannot conclude that defendants lacked an objectively reasonable basis for seeking removal.  Plaintiffs are, therefore, not entitled to attorney fees under § 1447(c).

SO ORDERED.

_____/s/_____

WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

9